**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Thomas Morris, III,<br><br>    Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security,<br><br>    Defendant. | No. CV-06-2312-PHX-FJM<br><br>**ORDER** |

We have before us plaintiff's application for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") (doc. 31), defendant's response (doc. 37), and plaintiff's reply (doc. 42).

On October 25, 2007, we held that the Administrative Law Judge's ("ALJ") decision that plaintiff was not disabled and therefore not entitled to benefits under Titles II and XVI of the Social Security Act was supported by substantial evidence in the record and not in legal error (doc. 24). The United States Court of Appeals for the Ninth Circuit reversed our decision on appeal and remanded for an award of benefits. Plaintiff now seeks $17,814.93 in attorney's fees and $805 in costs.

A prevailing party in an action against the United States is entitled to an award of attorney's fees and costs under the EAJA unless the government's position was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). The government's position is substantially justified "if a reasonable person could think it correct, that is, if it has a reasonable basis in law and

fact." Pierce v. Underwood, 487 U.S. 552, 566 n.2, 108 S. Ct. 2541, 2550 n.2 (1988). The parties do not dispute that plaintiff was the prevailing party. However, the Commissioner contends that its position defending the ALJ's determination against plaintiff's appeal was "substantially justified." We must, therefore, consider whether the Commissioner's position "with respect to the issue on which the court based its remand was 'substantially justified.'" Flores v. Shalala, 49 F.3d 562, 569 (9th Cir. 1995).

The Ninth Circuit Court of Appeals reversed the ALJ's decision on the grounds that he had failed to provide clear and convincing reasons for rejecting plaintiff's testimony. The court noted that the clear and convincing standard "is the most demanding required in Social Security cases." Moore v. Comm'r of the Soc. Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002). It also concluded that plaintiff was entitled to an award of benefits because the opinions of two treating physicians, Drs. Graff and Bressler, supported plaintiff's testimony regarding his physical limitations, and the vocational expert testified that a person with those limitations would qualify as disabled. The court did not, however, address the ALJ's assessment of Dr. Graff and Dr. Bressler's reports.

In evaluating plaintiff's motion for attorney's fees, we need not assess whether the ALJ's position was correct, but whether the Commissioner has a reasonable basis in law and fact for opposing plaintiff's appeal. Although the Ninth Circuit decided that they were not clear and convincing, the ALJ provided several reasons for rejecting plaintiff's subjective complaints. Tr. at 25. First, the ALJ questioned plaintiff's credibility because he claimed to rely on his wife to remember things even though his wife had a disabling mental impairment, which suggested that her memory may not be reliable. See Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005) ("In determining credibility, an ALJ may engage in ordinary techniques of credibility evaluation, such as considering claimant's reputation for truthfulness and inconsistencies in claimant's testimony."). His conclusion was also based on the lack of significant objective medical evidence. See Id. at 681 (holding that ALJ properly considered the lack of objective medical evidence as a factor in evaluating subjective complaints); Orn v. Astrue, 495 F.3d 625, 638 (9th Cir. 2007) (holding that

unexplained gaps in medical treatment are relevant to an adverse credibility finding). The ALJ also found plaintiff's use of a single pill to treat his fibromyalgia and plaintiff's failure to treat his sleep apnea inconsistent with his complaints of excessive pain. See Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment.") (citation omitted). Finally, the ALJ concluded that plaintiff may be exaggerating his symptoms because he had commented to a treating nurse practitioner that "he was tired of his work and where he worked" for reasons other than his disability. Tr. at 25.

Moreover, the ALJ evaluated and rejected the medical opinions upon which the Ninth Circuit relied to conclude that plaintiff was entitled to an award of benefits. The ALJ gave no weight to Dr. Graff' s opinion because it was based on plaintiff's subjective complaints. This is a legitimate consideration in weighing a treating physician's opinion. See Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999). He also gave Dr. Bressler's conclusions little weight because they were inconsistent with the objective evidence in the doctor's report. Id. at 601 (finding that ALJ properly rejected the opinion of a treating physician regarding the plaintiff's functional limitations where it was inconsistent with other evidence contained in the doctor's report).

We conclude, therefore, that the Commissioner had a reasonable basis in law and fact for arguing that the ALJ carefully evaluated the evidence and made specific findings supported by precedent.

Defendant relies on Shafer v. Astrue, 518 F.3d 1067 (9th Cir. 2008), to argue that he is entitled to fees in this case. In Shafer, the court determined that an award of attorney's fees under the EAJA was appropriate where the ALJ failed to provide clear and convincing reasons for rejecting the plaintiff's subjective complaints. Unlike this case, however, the ALJ in Shafer did not "specify which parts of Shafer's testimony were not credible and what evidence in the record undermined such testimony." Id. at 1070. Here, as discussed, the ALJ provided several specific reasons for rejecting plaintiff's testimony supported by evidence in the record. Although the Ninth Circuit ultimately concluded that the ALJ's determination

| | |
|---|---|
| 1 | was incorrect, the Commissioner was substantially justified in defending the ALJ's errors. |
| 2 | See Pierce, 487 U.S. at 566 n.2, 108 S. Ct. at 2550 n.2 ("[A] position can be justified even |
| 3 | though it is not correct, . . . if it has a reasonable basis in law and fact."). |
| 4 | Accordingly, **IT IS ORDERED DENYING** plaintiff's motion for attorney's fees |
| 5 | (doc. 31). |
| 6 | DATED this 21st day of August, 2009. |

*Frederick J. Martone*
Frederick J. Martone
United States District Judge